IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS THOMAS, # 265390, )<br>       Petitioner, )<br>v. )<br>CHRISTOPHER GORDY, *et al.*, )<br>       Respondents. ) | Civil Action No. 2:13cv626-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Demetrius Thomas ("Thomas") on August 20, 2013. Doc. No. 1. Thomas contends that he was granted parole on his state sentences and that he should be immediately released from the custody of the Alabama Department of Corrections ("ADOC") and transferred to the custody of the Federal Bureau of Prisons to serve his concurrent federal sentence. *See* Doc. Nos. 1 and 2. He maintains that he is being unlawfully held by ADOC beyond the expiration of his state sentences. *Id*. The respondents have filed an answer (Doc. No. 9) in which they deny that Thomas has been released on parole from his state sentences and argue, among other things, that Thomas's § 2254 petition should be dismissed without prejudice because he has failed to exhaust his available state court remedies.

Upon review of the respondents' answer, this court entered an order affording Thomas

an opportunity to demonstrate why his federal petition should not be dismissed for failure to exhaust state court remedies. Doc. No. 10. Thomas did not file a response.

## DISCUSSION

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Alabama law recognizes the right of a person "imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever ... [to] prosecute a writ of habeas corpus ... to inquire into the cause of such imprisonment or restraint." § 15-21-1, Ala. Code 1975. Pursuant to § 15-21-1, Thomas may challenge his current confinement by ADOC through a state habeas corpus petition. The Alabama appellate courts have specifically recognized that a state habeas corpus petition is the proper means to challenge unlawful restraint or the calculation of an inmate's term of

imprisonment. *See Ex parte Boykins*, 862 So.2d 587 (Ala. 2002); *Montgomery v. State*, 967 So.2d 103 (Ala. Crim. App. 2007); *Ware v. State*, 807 So.2d 594 (Ala. Crim. App. 2001).

It does not appear from the materials before this court that Thomas has challenged his current confinement by ADOC through a state habeas corpus petition filed in the Alabama state courts. He therefore has failed to exhaust his state court remedies. This court does not deem it appropriate to rule on the merits of Thomas's claims without first requiring that he exhaust state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice to afford Thomas an opportunity to exhaust all state court remedies available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 22, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 6th day of January, 2014.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE